UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LEXI POLLARDS | No. 26 CR 228-3<br><br>Judge Franklin U. Valderrama |

## PROTECTIVE ORDER GOVERNING DISCOVERY

Upon the agreed motion of the government, pursuant to Fed. R. Crim. P. 16(d), it is hereby ORDERED:

1. All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") may be used by defendant and defendant's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further consent by the United States.

2. Certain materials disclosed or to be disclosed by the government contain particularly sensitive information, including personal identifying information of one or more persons other than the defendant to whom the information is disclosed, and information pertaining to one or more cooperating sources. These materials shall be plainly marked as sensitive by the government prior to disclosure (hereinafter referred to as "Sensitive Materials"). No Sensitive Materials, or the information contained therein, may be disclosed to any persons other than defendant,

counsel for defendant, persons employed to assist the defense, or the person to whom the sensitive information solely and directly pertains, without prior consent from the government. Absent joint consent by the parties, Sensitive Materials (or the information therein) shall not be included in any public filing with the Court, and instead shall be submitted under seal (except if defendant chooses to include in a public document sensitive information relating solely and directly to the defendant).

3. Defendant and defendant's counsel shall not disclose Sensitive Materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the United States may consent to disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense, but may not retain copies without prior consent from the United States.

4. Defendant, defendant's counsel, and authorized persons shall not copy or reproduce Sensitive Materials except in order to provide copies of the materials for use in connection with this case by defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

5. Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of

Sensitive Materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

6. Before providing Sensitive Materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

7. Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise consented to by the United States. The materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. In the event that the materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the materials are so maintained, and the materials may not be disseminated or used in connection with any other matter without consent by the United States.

8. To the extent any material is produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendant and/or defendant's counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

9. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been

received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party which attaches or otherwise discloses Sensitive Materials, above, shall be filed under seal to the extent necessary to protect such information, absent prior permission from this Court.

10. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

Dated: November 4, 2026

United States District Judge
Franklin U. Valderrama